Gary L. Lassen (#5259)
LAW OFFICE OF GARY L. LASSEN, PLC
2020 North Central Avenue
Central Park Square, Suite 1100
Phoenix, AZ 85004
Telephone: (602) 252-1205
Facsimile: (602) 254-6982
glassen@gllplc.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| EARL PETTIT,<br><br>        Plaintiff,<br><br>v.<br><br>ALVINA HOYACK, et al.,<br><br>        Defendants. | No. 10-CV-19-TUC-JMR<br><br>**(The Honorable John M. Roll)**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS BY ALVINA HOYACK, CHARLES HOYACK AND ED RIVERA**<br><br>**(Oral Argument Requested)** |

      Plaintiff Earl Pettit responds to Defendants' Motion to Dismiss filed under F.R.C.P. § 12(b)(6) on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. Contrary to the matters set out in the Motion, the facts as alleged clearly state federal causes of action. This response is based on the Memorandum of Points and Authorities and the accompanying Declaration of Earl Pettit submitted in support of this Response.

**I.    BURDEN OF PROOF AND STANDARD OF REVIEW**

      Defendants Alvina Hoyack, Charles Hoyack and Ed Rivera seek dismissal under Rule 12(b)(6), but they fail to state much less differentiate, their burden under the Rule.

      Under Rule 12(b)(6), all of the Plaintiff's factual allegations are presumed true and all reasonable inferences are drawn in favor of the Plaintiff. *Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). To avoid dismissal, a Plaintiff must aver in his complaint "sufficient

factual matter, accepting as true, to 'state a claim to relief that is plausible on its fact'." *Id.* (Citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## II. THE DEFENDANTS HAVE NOT PRESENTED THE FACTS SUFFICIENTLY OR ACCURATELY

Although the Defendants fail to address this standard, the District appears, but then ignores Mr. Pettit's facts for the entirety of its analysis. The Defendants assume Earl Pettit's facts for the purpose of jurisdictional arguments, but fail to cite specifically matters contained in the Complaint in its failure to state claim arguments. However, they improperly try to characterize and dispute some of those with mere conclusory reference.

These Defendants' Motion is based upon mere cursory assertions, not facts in contravention of the detailed Complaint, which clearly avers facts, which are supportable by independent verifiable evidence that Earl Pettit has been deprived of his constitutional rights based upon actions of these Defendants under color or State Law. There can be no doubt that Plaintiff states valid claims on each and every count plead. Mr. Pettit exercised his free speech rights on matters of public concern, as a citizen in a public forum. These Defendants illegally conspired to deprive him of his rights as Superintendent of the District. These Defendants characterize his effort against them as an internal power struggle in order for him to keep control and not as matters of public concern. This position is totally without merit. The characterization that Plaintiff engaged in free speech and support from outside agencies to keep him in his job, is insulting particularly as his advocacy for the equal treatment of the children in the community began soon after starting as Superintendent when his job was not yet in jeopardy. No where is there a public forum for free speech more important than in our schools. *Johnson v. Poway*, 2008 Lexis U.S. Dist. 107665 (U.S. Dist. So. Cal. 2008). His expressed concerns about the violation of the Open Meeting and Public Records Law and public expenditures not only related to matters of public concern but also the strong public policy of

-2-

the State. Mr. Pettit's concerns became those of the media, and the community of Douglas as well.

### III. FACTS

Mr. Pettit was hired as the Superintendent of the Douglas Unified School District beginning in July, 2008. He soon became the target of actions by Defendants to deprive him of his rights as a citizen and as a public employee. (See Complaint, paragraphs 7, 10, 11, 14, 15 and 16.). As part of that job, it was his job to assure that the children of the District were educated in a way consistent with State and Federal Law. These Defendants unilaterally thwarted, attempted to thwart, compliance with the law including English Language Learners Law and engaged upon a private course of action to advance their own personal interests. Alvina Hoyack was instrumental in organizing parents at Stevenson Elementary School to encourage them to opt out of the State mandated English Language Learner Law. (See Complaint, paragraphs 17, 18, 29 and 30.) Parents were misled by Mrs. Hoyack with the support of her husband and Board Member Rivera, both of whom were public employees in other capacities and persons of influence in the Douglas and Cochise County communities. They exercised their influence, acting under color of State Law, used resources as county employees, and took action to favor Stevenson Elementary School to the exclusion of the rest of the District. They failed to support balancing of resources and student population, and they openly supported a rogue principal who openly and notoriously violated State law; they thwarted Mr. Pettit's and the remainder of the Board's efforts to hold this principal accountable; they failed to follow legal advice, and notwithstanding that Mr. Pettit did nothing wrong at any point in time other than attempt to have the District comply with the law; and improve the academic and financial standing they continued to make his life a living hell, assigned him publically to house arrest without cause, unilaterally took action to humiliate him publically (see Complaint, paragraphs 81, 82, 88, and 89), usurp his duties and responsibilities

(see Complaint, paragraph 83) and challenged his serious health issues (see Complaint, paragraph 95). They acted in contravention of his property and due process rights on a continuing basis.

To come in at this juncture and allege that Plaintiff does not state a cause of action based upon the clear documentation and including the actions and statements made by Alvina Hoyack, Ed Rivera and Charles Hoyack on the record, in writing, of their intent to terminate Mr. Pettit, place him on house arrest, conduct an investigation costing $40,000 which cleared Mr. Pettit but yet implicated the Defendants as violating law, is a frivolous argument at best.

### IV. PLAINTIFF HAS DUE PROCESS AND § 1983 CLAIMS WELL PLEAD TO WHICH HE CAN MAKE A CASE FOR JUDGMENT AS A MATTER OF LAW

A. Plaintiff Has § 1983 Claims.

Defendants Alvina and Chuck Hoyack and Ed Rivera assert, without any basis in fact or law, that Plaintiff has no § 1983 claims. Plaintiff sets forth abundant facts evidencing conduct committed by persons acting under color or State law and that the conduct deprived Plaintiff of his constitutional rights and that he was clearly damaged by these actions. Moreover, it is clearly established that these statutory and constitutional rights violated are such that reasonable persons would have known them; These Defendants were aware of Mr. Pettit's rights and flagrantly abused them. The allegations regarding the due process violations are more than sufficient to state claims for due process violations. These Defendants falsely claim that Earl Pettit may not maintain a due process violation and advance the specious argument that a due process claim in Mr. Pettit's property interest cannot be maintained as he was an employee for a term.

The Fourteenth and Fifth Amendments guarantee constitutional due process to Mr. Pettit before he can be deprived of his property interest in the balance of his contract. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Cleveland Board of Education v. Loudermill*,

-4-

470 U.S. 532, 538 (1985). "It is well established that an employee dismissed during the term of a one year contract . . . has a legitimate claim of entitlement and a property interest in continued employment." *Vanelli v. Reynolds Sch. Dist.,* 667 F.2d 773, 777 (citing *Roth*, 408 U.S. at 576, *Wieman v. Updegraff*, 344 U.S. 183; *Kendall v. Board of Educ. of Memphis City*, 627 F.2d 1, 4 (6th Cir. 1980)). The process these Defendants have taken has been unrelenting, vicious beyond the bounds of decency and has resulted in gross violations of due process, abuse of their public offices, misuse of resources and funds; all in the course of engaging in intentional violations of state and federal law.

A due process hearing cannot be fair unless the minimum requirements of due process are met. *Deuel v. Arizona State School for the Deaf and Blind*, 165 Ariz. 524, 527, 799 P.2d 865, 868 (1990) (citing *Goldberg v. Kelly*, 397 U.S. 254 (1970)). *Deuel* explains that due process requires a meaningful opportunity to be heard before a person can be deprived of a constitutionally protected interest. *Id.* (citing *Vanelli*, 667 F.2d at 777).

The Defendants argument fails, as it is contrary to well established law, as the violations began soon after Mr. Pettit began his contract. The unilateral acts perpetrated by Mr. Hoyack was to remove Mr. Pettit as often as possible "with or without cause." The conduct of the individual Defendants, acting under color or state law, but individually, and in concert and in a conspiratorial fashion with each other, violated Mr. Pettit's constitutional rights. The Fourteenth and Fifth Amendments guarantee constitutional due process to Mr. Pettit before he can be deprived of his property interest in his contract of employment. He has been placed on paid home arrest on two occasions. One included banning him from any contact with employees and from all school property, and clearly without an opportunity to be afforded due process at anytime. The argument advanced that so long as he receives his base salary, due process is provided, is insufficient. He suffered horrific deprivations, and flat out denial of due process. He was placed on "administrative" leave for false reasons twice, and he never has

-5-

been given any chance to address concerns as none could be found. The September 14th instant "termination" *ipso facto* violates due process; the January reassignment to home without the full benefits attendant to Mr. Pettit's employment and the illegal failure to consider the motion to extend his contract in violation of Open Meeting Laws and ultra vires conduct y Mr. Hoyack all constitute due process violations actionable under § 1983. The motion legally advanced was to non-renew his contract and a problem with the motion to plead Mr. Pettit on leave is that there was no notice posted to allow this "employment status." He may not be deprived of his property interest for his balance of contract for a term without due process provided. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). Mr. Pettit's allegations are sufficient to state a claim in the Ninth Circuit Court of Appeals. *Herrington v. Sonoma County*, 834 F.2d 1488 (9th Cir. 1987) finding denial of opportunity to be heard supports a § 1983 claim. *Evers v. Custer County*, 745 F.2d 1196, 1203 (9th Cir. 1984) depriving "adequate opportunity to be heard" may rise to state a § 1983 claim.

B. Alvina Hoyack's Conduct Violated § 1983.

Alvina Hoyack acted as a person acting under color of State law as President of the PTO and in concert with her husband, an employee of Cochise Community College and at all times material to, although acting in his personal capacity, and outside of and beyond the authority authorized to him as President and a member of the School Board, acted in depriving Plaintiff of his constitutional rights. The assertion that Mrs. Hoyack, as the Chairman of the PTO at Stevenson School, and acting in that capacity in organizing and facilitating illegal actions against Mr. Hoyack, she is liable to Plaintiff under § 1983. (See Complaint, paragraphs 10 through 24.) In paragraph 18 of the Complaint, it is evident she was acting privately but with official school sanction and support. In paragraph 24 of the Complaint, it refers to her false statements that "Mr. Pettit" abuses parents, teachers and staff."

C. <u>Earl Pettit Has A Free Speech Retaliation Claim</u>.

Mr. Pettit advocated on behalf of compliance with the law, he advocated on behalf of fairness and equal resources for the community, but he ran afoul of the Board President's wife, the Principal at the Hoyack's school, the Board President who usurped the executive functions of the District, matters of public concern, and not only as the Superintendent, but as a parent and tax payer citizen, a member of the public. Mr. Pettit, filed Open Meeting Law complaints against the individuals complained of herein. He reported violations that were matters of public concern regarding failure to comply with the law. He made statements in public for which he was retaliated against by the Defendants in this case. (See Declaration of Earl Pettit, paragraph 29, 30, 31, 33, 34 and 35 of the Complaint in which Mrs. Hoyack states in a letter to all members of the Board.) The Defendants retaliated against him for seeking support from the Arizona Department of Education. These are serious matters going far beyond his status as an employee of the Board acting illegally and entitled to protection. *Morey v. Bassett*, 595 P.3d 1068 (9th Cir. 2010). As in *Morey*, Mr. Pettit was to report illegalities and public concerns. It is not a questions of politics, or philosophy, but of gross illegality. They intended to derail investigations of Federal and State Law, thereby diverting attention for the violations perpetrated by themselves. The characterization of the motives or actions as an internal power struggle and not matters of public concern is without merit. There is no authority for the proposition as stated by Defendants that seeking outside support or making public statements cannot be the basis for a First Amendment retaliation claim, particularly in a public school district.

The assertion that the best interests or educational concerns of the District is not within the purview of the Court in an action brought under § 1983 is plainly wrong. This is ironic as the best interests analysis only supports Mr. Pettit and Board Members Ramos and Kramer.

### D. Plaintiff Has A Property Interest In His Employment

The assertion by Defendants that a public employee for a term does not have a property interest in their employment is flat wrong. Mr. Pettit was put on house arrest on two different occasions, the rights and privileges of his public employment, additional benefits attendant to his salary, have been deprived, and the placement on unauthorized leave under admitted false circumstances, a "termination without due process of law," and placement of leave supposedly in the best interest of the District. Hoyack said Mr. Pettit was placed on leave because he knew the results of the Cooper Report and in the 1st action a year ago, Rivera said "It may not be in the best interest of the District" then proceeded to vote to reassign Mr. Pettit anyway, but falsely made after an investigation cleared Mr. Pettit and showed the perpetrator Defendants had violated State and Federal law, is highly improper. Mr. Pettit not only had a property and liberty right in his term of public employment, but he had a legitimate claim of entitlement that the deprivations of such interest would not impair his reasonable expectations beyond those of a unilateral expectation of extended employment. *Brady v. Gebbie*, 857 F.2d, 1543 (9th Cir. 1988).

### E. Plaintiff Is Entitled To A Name Clearing Hearing.

Earl Pettit's liberty interest is clearly implicated. The unlawful termination, house arrest and negative press has imposed upon Mr. Pettit a stigma that has foreclosed additional employment opportunities and has caused significant damage to Mr. Pettit's opportunity for employment, standing the educational community (see Declaration). The high publicity and false stigmatizing charges here trigger due process protection (Hoyack statements). The situation here is far beyond harm to his reputation and calling him awful names, engaging in defamatory actions, exist here and trigger the liberty interest.

-8-

### F. Qualified Immunity Does Not Apply To Protect Hoyack And Rivera As Their Conduct Clearly Violated Established Rights.

The allegation supported by ample facts evidence the requisite to overcome the unsupported assertions that Charles Hoyack and Ed Rivera are entitled to qualified immunity for their actions. Their bias and commitment to "terminate" Mr. Pettit is uncontrovertible and repeatedly a matter of record, their written communications, and their own public admissions. (See Complaint, paragraph 111.) Mr. Pettit here establishes by detailed facts constitutional and statutory rights and violations well known at the time they were committed. *Conn v. Gabbert*, 526 U.S. 286, 143 L.Ed. 399, 199 S.Ct. 1292 (1999). After repeated legal advice, public scrutiny, and extensive media reporting (hours of live reporting and hundreds of pages of detailing of illegal acts) that there can be no doubt that these Defendants reasonably knew their conduct was unlawful. *Mendoza v. Black*, 27 F.3d 357, 1360 (9th Cir. 1994). Mr. Rivera is an employee of the Sheriff's Department, knew the law, and Mr. Hoyack is and was an administrator for the Cochise Community College system. They clearly know about due process. They clearly know about the Arizona Open Meeting Law. They clearly knew about the English Language Learner Law ("ELL"). They clearly knew that Mr. Pettit and others were engaged in concerns about that were matters of public concern, expenditure of public funds. To argue that Mr. Hoyack and Mr. Rivera were not aware of the property interest rights, contract rights, and yet continued to take the actions, is totally without merit and in fact frivolous. It is a matter of record that these Defendants have received legal advice to not take the action against Mr. Pettit. They then took action to reinstate the principal at Stevenson Elementary School even though he had been recommended for non-renewal based upon his unprofessional conduct contrary to law as encouraged by Alvina and Chuck Hoyack. They have taken direct action to terminate Mr. Pettit (paragraph of Complaint, Exhibit, Minutes, etc.) in direct contravention of legal advice given to them as evidence by their subsequent reversal of actions and statement made in communications among each other. There can be no

-9-

legitimate arguments advanced based upon the facts that these Defendants acted with full knowledge of the illegality and unconstitutional nature of their statements and actions. (See paragraph 46 where Mr. Rivera admits his actions were contrary to the District's best interests. They are: (1) long time public employees; (2) elected officials; (3) recipients of detailed legal advice; (4) subject to advice and direction by the State; (5) recipients of Notices of Claims;.and (6) acted in bad faith. Thus, qualified immunity is not available. *Harlow v. Fitzgerald* 457 U.S. 800 (1982).

## V. DEFENDANTS INTERFERED WITH THE EMPLOYMENT RELATIONSHIP OF MR. PETTIT

The entirety of the allegations contained in the complaint relate to individual conduct, not collective action of the School Board. No legitimate argument exists to preclude the interference claim that continues to impact Mr. Pettit as his ability to find a new job has been severely compromised. A single Board Member has no inherent right to engage in the acts of Chuck Hoyack did here. Moreover, School Board members, as Hoyack and River, here are bound by the knowledge of their limitations. *Id.* at 4 of 8. Actions outside of a board meeting may expose the members to personal liability. Board members acting to "terminate" a public employee have but the same rights as ordinary citizens. Attorney General Opinion 181-054 citing *Amy v. Supervisors*, 20 L.Ed. 101, 87 A.L.R. 267. Mr. Hoyack usurped the duties of the superintendent as an individual without authority (see Complaint, paragraphs 41, 42, 44, 45, 48, 49, 50, 51 and 52). He and Defendant Rivera used not just the District but Cochise County property, to do so (see Complaint, paragraph 28).

## VI. DEFENDANTS DEFAMED PLAINTIFF AND CAUSED HIM TO BE CASE IN A FALSE LIGHT.

Plaintiff has stated claims against the named Defendants for defamation and false light, for interference with contractual relationship (see Complaint, paragraph 42, 45, 47, 60 and 63) and violation of the Arizona Open Meeting Law. The actions of a public body that do not

-10-

comply with the Open Meeting Law are null and void. *Johnson v. Tempe Elementary School District*, 199 Ariz. 510, 20 P.3d at 111. The Defendants have committed repeated self-evident, uncontrovertible violations of the Open Meeting Law requiring sanctions and their removal from office. A.R.S. § 38-431.07. (Paragraphs 72, 74 and 76.) Nor may public funds be used to defend violations of the Open Meeting Law. Mr. Hoyack made and encouraged false statements regarding Mr. Pettit (see Complaint, paragraph 24, 25, 26, 53 and 55).

### VII. DEFENDANTS ENGAGED IN RICO VIOLATIONS.

These three Defendants conspired against Mr. Pettit in furtherance of a concerted effort to deprive the public and Mr. Pettit of rights due under law. They engaged in multiple violations of law regarding open meetings, falsified and redacted public records and used public resources for private purposes. The conduct included intentional torts and violations of due process and first amendment rights. The Defendants here fabricated charges, altered documents and have caused losses and damages to Plaintiff based upon their tortious and illegal conduct and enterprise. Mr. Pettit's ability to pursue his profession has been harmed and he has suffered injury to property and lost employment. *Diaz v. Gates*, 420 F.2d 897 (9th Cir. 2003).

### VIII. THESE DEFENDANTS ACTED INDIVIDUALLY AND WITH MALICE AND EVIL MIND.

Defendants falsely assert that the Complaint fails to state these claims as they were acting as Board Members and in the case of Alvina Hoyack, as a private citizen. Their positions are unfounded and directly controverted by the Complaint (see paragraph 111, reading as follows at lines 5 through 14 as follows:

> "to possibly illegally alter, modify, or withhold public records and to illegally reconsider and, without authority, revisit terminating Mr. Pettit as part of, as reported by KGUN9, a continuing conspiracy among Defendants to conspire secretly to fire Pettit. Also, Anne Carl has, without authority, demanded retraction.

-11-

111. Mr. Pettit filed a notice of claim against the Board acting officially on or about May 12, 2009. The matters contained in the notice of claim do not include the allegations and claims contained in this Complaint, all of which are directed to the named Defendants acting individually and not in their official capacity. All allegations contained in this Complaint relate solely to actions by the named individuals acting in their personal, not official, capacity. The actions of Defendants Charles Hoyack, Alvina Hoyack, and Ed Rivera were conducted with an evil mind and as part of a concerted effort to violate laws of the United States and the State of Arizona. Defendants Hoyack and Rivera acted maliciously and in intentional violation of known laws and legal advice and in the same instance as persons acting under color of state law."

## IX. **DEFENDANTS HAVE VIOLATED § 1985**

The Defendants here have engaged in a conspiracy aimed at those seeking the enforcement of the law regarding the State of Arizona's commitment to English language learning. They have conspired to retaliate against those who advocate to follow the law and such is actionable. Here, these three Defendants abridged in a conspiratorial fashion Mr. Pettit's employment rights in furtherance of a conspiracy to exempt Stevenson School from the English Language Learning Law. In furtherance of this conspiracy, they illegally diverted public funds and resources, violated public records and open meeting laws, and retaliated against anyone who stood in their way. *Butler v. Elle*, 281 F.3d 1014 (9th Cir. 2002).

## X. **CONCLUSION**

Seldom is there a detailed recitation of conduct so violative of constitutional rights and so full of venomous and evil intent, as are set forth in the Complaint in this case. The Complaint details specific facts with particularity and reference to verifiable dates, times, places and documents and video recordings that substantiate uncontrovertible violations of law and violation of Mr. Pettit's rights.

It is respectfully requested that the Motion be denied.

/ / /

T:\TMW9\Data\files\Pettit, Earl\PLS Response to Defendants' Motion to Dismiss 05-10-10100510.doc

Dated this 10th day of May, 2010.

                                                  LAW OFFICE OF GARY L. LASSEN, PLC

                                                  By  /s/ Gary L. Lassen
                                                        Gary L. Lassen
                                                        2020 North Central Avenue
                                                        Suite 1100
                                                      Phoenix, AZ 85004
                                                       Attorney for Plaintiff

I hereby certify that on the 10th day of May, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to all CM/ECF registrants.

A copy of the foregoing was mailed this 10th day of May, 2010 as follows:

Robert D. Haws
Karl H. Widell
Gust Rosenfeld, P.L.C.
201 E. Washington, Suite 800
Phoenix, AZ 85004-2327
*Attorneys for Defendants Douglas Unified School District, Hoyack, Rivera & Lopez*

James Jellison
Jellison Law Offices, PLLC
3101 N. Central Avenue, Suite 1090
Phoenix, AZ 85012
*Attorneys for Carl*

Donald Peder Johnsen
Gallagher & Kennedy, P.A.
2575 E. Camelback Road
Phoenix, AZ 85016-9225
*Attorneys for Susan Kramer and Mario Ramos*


By: /s/ Stephanie R. Somplack

-13-